**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN STRAYER and THE PENNSYLVANIA LAWYERS FUND FOR CLIENT SECURITY,<br>      Plaintiffs | No. 3:06cv2068<br><br>(Judge Munley) |
| v. | |
| DOUGLAS BARE, ESQ. and DARRYL CUNNINGHAM, ESQ.,<br>      Defendants | |
| DOUGLAS BARE, ESQ. and DARRYL CUNNINGHAM, ESQ.,<br>      Third-Party Plaintiffs | |
| v. | |
| STEVEN STAMBAUGH, ESQ. and ANITA LIVADITIS,<br>      Third-Party Defendants | |

## MEMORANDUM and ORDER

Before the court are the defendants' motions for reconsideration (Docs. 181, 183) of our order (Doc. 180) granting, in part, and denying, in part, the defendants' motions for summary judgment.

**LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Cafe, 176 F.3d at 677.  A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109,

1122 (E.D. Pa. 1993).

**DISCUSSION**

The defendants do not point to a change in controlling law or the availability of new evidence, therefore we will treat their motions as seeking correction of a clear error of law.  The court will address the claims of each defendant, in turn.

**A. Defendant Douglas Bare**

**1. RICO**

Defendant Bare argues that no genuine issue of material fact exists as to whether he violated 18 U.S.C. § 1962(c) the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Bare claims that the court improperly relied on the prior criminal trial testimony of Mark David Frankel, Anita Livaditis, and Steven Stambaugh, in finding a genuine issue of material fact.  Bare argues that this testimony is inadmissible under Federal Rule of Evidence 804(b)(1).  We decline to rule at this juncture whether or not the prior criminal trial testimony will be admissible at trial, but note that the transcripts were made a part of the record at summary judgment.  It would have been premature, at the summary judgment stage, to rule that prior sworn testimony was inadmissible hearsay without knowing the purpose for which the testimony was being offered or whether or not the declarant was available.  Accordingly, Bare's motion for reconsideration will be denied on this point.

Bare further argues that there is nothing improper, *per se*, with Bare allegedly setting up automated clearinghouse ("ACH") software to pay tax obligations from the interest-on-lawyers'-trust account ("IOLTA").  Whether or not that statement is accurate, the significance of Bare allegedly directing the ACH software to pay the firm's tax obligations from the IOLTA account is that it involves the use of interstate wire communications– an

element of a RICO violation.  See United States v. Antico, 275 F.3d 245, 261 (3d Cir. 2001).  Because the court has already decided the issue of Bare's RICO violation, Bare's motion for reconsideration will be denied. See Glendon Energy, 836 F. Supp. at 1122.

Finally, Bare argues that Mark David Frankel made all financial decisions to the exclusion of Bare, despite Bare's official titles.  The court has already decided that a reasonable jury could find that Bare participated in the operation of the enterprise, for RICO purposes, regardless of the fact that Mark David Frankel exercised more control.  Bare merely seeks to have the court rethink a decision it has already made.  Thus, Bare's motion for reconsideration is inappropriate.  See Glendon Energy, 836 F. Supp. at 1122.

### 2. Statute of Limitations

Defendant Bare next argues that Christina M. Stark, an individual claimant of the Plaintiff Pennsylvania Lawyers Fund for Client Security ("the Fund "), is barred by the statute of limitations for tort claims.  Bare points to Stark's statement of claim where she indicates that she knew of her injury as of November 5, 2004.  (Doc. 151-7 at 6).  Bare is correct– the court made a clear factual error in its order denying summary judgment on Stark's claim.  Stark discovered her loss more than two years before the Fund filed suit on January 11, 2007– therefore her claim is barred.  See Dalrymple v. Brown, 701 A.2d 164, 167 (Pa. 1997).  Accordingly, the defendants will be granted summary judgment on the Fund's state-law claims brought on behalf of Christina M. Stark.[1]

---

[1] The Fund's remaining claims are those it brings on behalf of Ellen J. Blocher, Jeffrey A. Young, Octavia Hoffman, Michael L. Spahr, Ralph Ebersole, Jean Ebersole, Shae Bollinger, Teresa A. Golden, and Richard

### 3. Conversion

Here, Defendant Bare argues that no genuine issue of material fact exists as to whether he actually interfered with client funds.  See Norriton E. Realty Corp. v. Cent.-Penn Nat'l Bank, 254 A.2d 637, 638 (Pa. 1969) (conversion is "an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession.").  Bare suggests that the court relied on Shonberger v. Oswell, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) for the proposition that Bare could be liable for his intentions alone, without any actual interference.  We did not take such a position.

We stated, "[a] defendant need not engage in 'conscious wrongdoing,' but can be liable for conversion through 'an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights.' [Shonberger, 530 A.2d at 114] (quoting Prosser, TORTS § 15 (2d ed. 1955))."  (Doc. 180, Memorandum of January 6, 2010, at 31).  Thus, we quoted Shonberger for the proposition that, though an act of interference is an element of conversion, specific intent is not required.  Because a reasonable jury could find that Bare, by setting up the ACH software to debit from the IOLTA holding client funds, actually interfered with the plaintiffs' right to possess their settlement proceeds, summary judgment is inappropriate.  Because we have already decided this issue, Bare's motion for reconsideration will be denied.

## B. Defendant Darryl Cunningham

### 1. RICO

Defendant Cunningham also urges the court to reconsider whether a

---

L. Ohler.

genuine issue of material fact exists as to whether Cunningham violated section 1962(c) of the RICO Act.  Cunningham, like Bare, above, argues that the court improperly relied on the prior trial testimony of Mark David Frankel, Anita Livaditis, and Steven Stambaugh.  We deny Cunningham's motion for reconsideration for the reasons set forth above.

Cunningham then argues that we relied on the fact that he was a "member" of the Frankel Firm, when in fact he was a non-shareholder.  To clarify, when the court used the term "member," the court meant employee.  Cunningham's status as a non-shareholder is not determinative of whether a reasonable jury could find that he participated in the operation of the affairs of the enterprise.  Because we have already decided this issue, Cunningham's motion for reconsideration will be denied.

## 2. Conversion

Finally, Cunningham argues that there is no genuine issue of material fact as to whether he interfered with the plaintiffs' funds.  Cunningham argues that merely signing the checks which paid tax obligations with IOLTA funds is insufficient to indicate an intent to exercise dominion and control over client funds.  Because we have already decided this issue, Cunningham's motion for reconsideration is inappropriate.  See Glendon Energy, 836 F. Supp. at 1122.

## CONCLUSION

For the reasons stated above, the defendants' motions for reconsideration will be granted with respect to the plaintiffs' claims on behalf of Christina M. Stark and will be denied on all other grounds.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN STRAYER and THE PENNSYLVANIA LAWYERS FUND FOR CLIENT SECURITY,<br>    Plaintiffs | :     No. 3:06cv2068<br>:<br>:     (Judge Munley)<br>: |

BRIAN STRAYER and THE
PENNSYLVANIA LAWYERS FUND
FOR CLIENT SECURITY,
      Plaintiffs             :      No. 3:06cv2068

     v.                             :      (Judge Munley)

DOUGLAS BARE, ESQ. and DARRYL
CUNNINGHAM, ESQ.,
      Defendants           :

DOUGLAS BARE, ESQ. and
DARRYL CUNNINGHAM, ESQ.,
      Third-Party Plaintiffs    :

     v.                             :

STEVEN STAMBAUGH, ESQ. and
ANITA LIVADITIS,
      Third-Party Defendants  :

## ORDER

**AND NOW**, to wit, upon consideration of the defendants' motions for reconsideration (Docs. 181, 183) of our order (Doc. 180) granting, in part, and denying, in part, the defendants' motions for summary judgment, it is HEREBY **ORDERED** as follows:

- The defendants' motions are **GRANTED** with respect to plaintiffs' claim on behalf of Christina M. Stark.  Summary judgment is HEREBY **GRANTED** in favor of defendants as to this claim.

- The defendants' motions are **DENIED** in all other respects.

DATED:   __April 28, 2010__            **BY THE COURT:**

                                    **s/ James M. Munley**

                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**