# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN STRAYER, et al., | CIVIL ACTION NO. 1:06-CV-2068 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| DOUGLAS BARE, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Third-Party Defendants Steven Stambaugh and Anita Livaditis' Motion for Summary Judgment as to Defendant / Third-Party Plaintiff Darryl Cunningham's Third-Party Claims. (Doc. 278.) The Third-Party Defendants argue that the claims made against them by Defendant / Third-Party Plaintiff Cunningham were never successfully assigned to the Plaintiffs, and that these claims were extinguished with the release of Cunningham from the original action. The Court finds that Plaintiffs' release of their claims against Defendant Cunningham did not extinguish Cunningham's potential claims as against the Third Party Defendants, and that Cunningham effectively assigned these claims in his later Assignment of Claims. Therefore, the Third-Party Defendants' Motion for Summary Judgment will be denied.

## BACKGROUND[1]

At issue in this lawsuit are client settlement funds unpaid by the former law firm Frankel & Associates P.C. ("the Firm").  It is undisputed that from September 2000 through October 2004, then-attorney Mark David Frankel perpetuated a fraud through the Firm's escrow account, whereby in excess of $1 million was converted from a number of clients to pay the Firm's tax obligations.  Plaintiffs Brian Strayer, one of the Firm's former clients injured through this fraud, and the Pennsylvania Lawyers Fund for Client Security,[2] initiated this action on October 20, 2006 contending, in pertinent part, that "Defendants Cunningham and Bare were aware of and failed to take steps to prevent the Ponzi Scheme involving clients' funds." (Second Am. Compl. at ¶ 97, Doc. 60.)  Claims were asserted against the Defendants for fraud, breach of fiduciary duty, bad faith, a violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*, and a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)-(d). Wachovia bank, the operator of the Firm's client trust account, was also named as a party. Following Judge Munley's January 6, 2010 Memorandum and Order, *Strayer v.*

---

[1] This matter has an elaborate history, and the events outlined in this section have been simplified for the purposes of the present Motion.  However, for a more detailed history of this case, see Judge Munley's January 6, 2010 Memorandum.  *Strayer v. Bare*, No. 3:06cv2068, 2010 WL 95123 (M.D. Pa. Jan. 06, 2010).

[2] Plaintiff Pennsylvania Lawyers Fund for Client Security is a nonprofit entity that was established by Order of the Pennsylvania Supreme Court dated April 30, 1992, to reimburse clients who have suffered losses as a result of misappropriation of funds by their Pennsylvania attorney with its principal place of business located at 4909 Louise Drive, Suite 101, Mechanicsburg, PA 17055." (Second Am. Compl. at ¶ 2, Doc. 60.) The Fund brings this action against Defendant Bare on behalf of twenty-six (26) former firm clients ("claimants") who also claimed missing settlement funds as a result of alleged misappropriation of client funds.

*Bare*, No. 3:06cv2068, 2010 WL 95123 (M.D. Pa. Jan. 06, 2010), the only remaining claims and parties in the primary action were claims for conspiracy, conversion, and civil RICO as against Defendants Bare and Cunningham.

On August 11, 2008, Defendants Bare and Cunningham filed a Third-Party Complaint against Steven Stambaugh, the lawyer who represented Mr. Strayer in his original personal injury case, and Anita Livaditis, the Firm's bookkeeper ("the Third-Party Defendants"). (Third-Party Compl., Doc. 120.)  In their Third-Party Complaint, Bare and Cunningham denied all liability as neither had actually represented Strayer or any of the Fund claimants, and sought contribution or indemnification from Stambaugh and Livaditis who, "at all relevant times, knew or should have known of the existence of the Ponzi scheme and failed to take steps to prevent the Ponzi scheme." (*Id.* at ¶¶ 10-11, 44-45.)

The Plaintiffs entered into a Joint Tortfeasor Release with Defendant Darryl Cunningham ("the Cunningham Release") on August 28, 2011.  Later, on December 22, 2011, Cunningham signed an "Assignment of Claims" in which he assigned his third-party claims against Stambaugh and Livaditis to the Plaintiffs as partial consideration for the earlier Cunningham Release.  The Third-Party Defendants dispute this assignment as : (1) invalid as a matter of contract law; and (2) void since the Cunningham Release immediately extinguished any of Cunningham's potential third-party claims.  The Third Party Defendants have therefore moved for summary judgment as to Defendant / Third-Party Plaintiff Cunningham's Third-Party Claims against the Third-Party Defendants Stambaugh and Livaditis.  This Motion has been briefed by both sides and is now ripe for disposition.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure

3

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence

supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id.* (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

The Third-Party Defendants first argue that Defendant Cunningham's third-party claims were extinguished with the Cunningham Release. The Plaintiffs retort that the claims survived, and that they were actually assigned to the Plaintiffs as partial consideration for the Cunningham Release. These arguments will now be addressed below.

**1.      Survival of Defendant Cunningham's Third-Party Claims**

The Third-Party Defendants first argue that "Defendant / Third Party Cunningham's claims against the Third Party Defendants were extinguished the moment that the

Cunningham Release was signed." (Mot. at ¶ 6, Doc. 278.) This argument is not based on the text of the Cunningham release, but on its purported implications. Specifically, the Third-Party Defendants argue that "[b]ecause Plaintiffs' claims against Cunningham would never be litigated as a result of the Cunningham Release, it became immediately impossible for there to be a judicial determination of Cunningham's liability to the Plaintiffs. As such, the pled prerequisite to Cunningham's Third Party claims against the Third Party Defendants could never be met." (Third-Party Defs.' Br. at 5, Doc. 279.) This assertion is based on the substance of Cunningham's third-party claim, which states:

> In the event that it is judicially determined that Plaintiffs are entitled to recover on their causes of action, then Stambaugh and Livaditis are alone liable to the Plaintiffs, joint and severally liable, or liable over to Bare and Cunningham by way of contribution or indemnity, all liability on the part of Bare and Cunningham being specifically denied.

(Third-Party Compl. at ¶ 51, Doc. 120.)

Contrary to the assertions of the Third-Party Defendants, a settling tortfeasor's liability can be judicially determined. *See e.g. Charles v. Giant Eagle Markets*, 513 Pa. 474 (Pa. 1987) (finding the non-settling tortfeasor was liable for their pro-rata share when their respective amounts of fault were later judicially determined in a jury trial). Moreover, Cunningham is specifically entitled to receive potential contribution from anyone who is ultimately adjudicated to be a co-tortfeasor.[3] In Pennsylvania, where the settling tortfeasor has overpaid in proportion to their pro-rata share, "[t]he released party would then have a right of contribution against the other party for the amount paid in excess of a pro rata share,

---

[3] A joint tortfeasor is referred to as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. C.S.A. § 8323.

6

since that much of the non-released party's liability would have been extinguished by the release." *Sochanski v. Sears, Roebuck & Co.*, 689 F.2d 45, 48 n.2 (3d Cir. 1982); 42 Pa. C.S.A. § 8324(c).  Moreover, the Cunningham Release explicitly considers a weighing of proportionate fault as it states that claims against any joint tortfeasors will be reduced "by the full extent of the proportionate share of liability of [Cunningham] adjudicated under a final unappealable verdict." (Joint Tortfeasor Release at 1, Third Party Pls.' Ex. A).  Although Cunningham will not be exposed to further *claims* by the Plaintiffs, it is likely that Cunningham's liability will judicially determined at trial, and it is premature to determine that Cunningham will have no resultant claim as against the Third-Party Defendants.  Therefore, the Court does not find that the Cunningham Release necessarily disposed of Cunningham's Third Party claims.

**2.     Assignment of the Third-Party Claims**

The Plaintiffs argue that Cunningham's December 22, 2011 Assignment of Claims was valid as partial consideration for the Cunningham Release dated August 28, 2011.  The Third-Party Defendants respond that, as there is no mention of such consideration in the Cunningham Release, the alleged existence of an accompanying oral contract for such is barred by the parol evidence rule.[4]  Yet, under the Pennsylvania Uniform Written Obligations

---

[4]The parol evidence rule "provides that when parties to a contract have reduced their agreement to writing, that writing will be the sole evidence of their agreement, and parol evidence may not be admitted to vary the terms of the contract in the absence of fraud, accident or mistake." *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 994 (3d Cir. 1987).  "Thus the written contract, if unambiguous, must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, nor prior written agreements, or other writings, are admissible to explain or vary the terms of the contract." *Hart v. Arnold*, 884 A.2d 316, 341 (Pa. Super 2005) (citation omitted).  Therefore, as a fully-integrated agreement, the Cunningham Release precludes simultaneous oral agreements made in consideration for the release itself.

Act ("UWOA"), 33 P.S. §§ 1 et seq., "[a] written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound." *Id.* at § 6; *Kia v. Imaging Sciences Intern., Inc.*, 735 F. Supp. 2d 256, 265 (E.D. Pa. 2010) (granting summary judgment and finding a contract allegedly without consideration enforceable under the UWOA where it contained language stating that it "shall be binding upon me"). Cunningham's Assignment of Claims contains exactly the language required by the UWOA, stating that Cunningham was "intending to be legally bound." (Assignment of Claims at 1, Third Party Pls.' Ex. B.) Therefore, the Court finds that Cunningham successfully assigned his third-party claims to the Plaintiffs through his December 22, 2011 Assignment of Claims. As such, the Third-Party Defendants' Motion for Summary Judgment will be denied.

## **CONCLUSION**

The Court finds that the Cunningham Release did not extinguish Cunningham's third-party claims and that Cunningham successfully assigned these claims to the Plaintiffs on December 22, 2011 in conformance with the Pennsylvania Uniform Written Obligations Act. Therefore, the Court will deny the Third-Party Defendant's Motion for Summary Judgment. An appropriate order follows.

| | |
|---|---|
| April 4, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |