**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN STRAYER, et al., | CIVIL ACTION NO. 1:06-CV-2068 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| DOUGLAS BARE, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Third-Party Defendant Steven Stambaugh's motion *in limine* to preclude all evidence that may flow from Third-Party Plaintiff Darryl Cunningham's claims against Mr. Stambaugh. (Doc. 288.) In particular, Stambaugh represents that the Court's earlier Order denying his Motion for Summary Judgment as to these third-party claims may contain a clear error of law. While Stambaugh addresses his Motion as one *in limine*, this Motion is more properly construed as one for reconsideration, and it will be dismissed for non-compliance with Middle District Local Rule 7.10.

Motions for reconsideration are predicated on Local Rule 7.10 which requires that "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." The guiding principles behind such a motion for reconsideration are essentially the same as those for a motion to alter or amend judgment under Rule 59(e), except that it allows for reconsideration of any court order, and is not limited to the entry of judgment. *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06–CV–1105, 2011 WL 4916397, at *2 (M.D. Pa. Oct. 17,

2011) (clarifying that the "difference between a motion for reconsideration under Local Rule 7.10 and a motion to alter or amend judgment under Rule 59(e) is that a motion for reconsideration under Local Rule may be filed in response to any order of the court, not solely after the entry of judgment.").

The instant Motion was filed on April 30, 2012, twenty-six (26) days after the Court's April 4, 2012 Memorandum and Order.  Even with the three-day grace period prescribed in Fed. R. Civ. P. 6(d), this Motion is still untimely.  Moreover, it was not accompanied by a supporting brief.  Therefore, it is not in compliance with Local Rule 7.10 and will be denied.

## **CONCLUSION**

Third-Party Defendant Steven Stambaugh's motion for reconsideration of the Court's April 4, 2012 Memorandum and Order will be denied for failing to comply with Middle District Local Rule 7.10.  An appropriate order follows.

 May 3, 2012                                                               /s/ A. Richard Caputo
Date                                                                              A. Richard Caputo
                                                                                     United States District Judge